UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| BETH C. SCHRAM and | ) |
| P. T. SCHRAM, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO: 1:15-cv-131-JTM-SLC |
| | ) |
| FIDELITY NATIONAL TITLE | ) |
| COMPANY, LLC, f/k/a Lawyers Title | ) |
| Insurance Corporation, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

This case was removed here from the Allen County Superior Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (DE 1). The Notice of Removal alleges that, among other things, that Plaintiffs "currently reside in Whitley County, Indiana," and that Defendant Fidelity National Title Company, LLC, f/k/a Lawyers Title Insurance Corporation, "is a Delaware corporation with its principal place of business in Jacksonville, Florida." (DE 1 at ¶¶ 4, 5).

The Notice of Removal, however, is inadequate because it fails to properly allege the citizenship of the parties. As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

With respect to Plaintiffs, residency of an individual is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras*

1

*v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Furthermore, Defendant's name suggests that it is a limited liability company, not a corporation. This distinction is important because for purposes of establishing diversity jurisdiction, a limited liability company's citizenship is different than that of a corporation. Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Therefore, if Defendant is actually a limited liability company, the Court must be advised of the identity of each of its members, and such member's citizenship. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co.*, 101 F.3d at 59 (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Accordingly, Defendant is ORDERED to supplement the record by filing an amended notice of removal on or before June 10, 2015, that properly alleges the citizenship of the parties.[1]

SO ORDERED.

Enter for this 29th day of May 2015.

                                                 s/ Susan Collins
                                                 Susan Collins,
                                                 United States Magistrate Judge

---

[1] "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).