UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BETH C. SCHRAM, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:15-cv-00131-SLC |
| ) | |
| FIDELITY NATIONAL TITLE COMPANY, ) | |
| LLC, *formerly known as* Lawyers Title ) | |
| Insurance Corporation, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On September 28, 2015, Defendant Fidelity National Title Company, LLC, formerly known as Lawyers Title Insurance Corporation ("Fidelity Title"), filed a motion to dismiss the complaint filed by Plaintiffs P.T. Schram and Beth Schram (together, the "Schrams") on April 14, 2015, asserting, in essence, that the Schrams had sued the wrong defendant, and thus, had failed to state a claim against Fidelity Title. (DE 18). Fidelity Title also asks that the Court stay discovery pending its ruling on the motion to dismiss. (DE 21).

Now before the Court is the Schrams' motion to amend their complaint filed on October 16, 2015, seeking leave to amend their complaint to name "Fidelity National Title Insurance Company, successor by merger to Lawyers Title Insurance Corporation" as an additional defendant. (DE 28 ¶ 4). Fidelity Title argues that allowing the Schrams to amend their complaint to name an additional Fidelity defendant would prejudice Fidelity Title because it has already filed a motion to dismiss the original complaint. (DE 30). The Schrams have not filed a reply brief to the motion to amend, and their time to do so has now passed.

For the following reasons, the Schrams' motion to amend their complaint will be

GRANTED.

**A. Factual and Procedural Background**

On April 14, 2015, the Schrams filed a complaint against Fidelity Title in Allen Circuit Court, seeking damages and a declaratory judgment with respect to a title insurance policy issued to them by Lawyers Title Insurance Corporation in 2007. (DE 3). More particularly, the Schrams contend that Fidelity Title is formerly known as Lawyers Title Insurance Corporation, and that Fidelity Title breached the title insurance policy by failing to defend the Schrams in a pending state lawsuit concerning an alleged easement on their property. Fidelity Title subsequently removed the case here under diversity jurisdiction. (DE 1).

On August 5, 2015, the Court conducted a scheduling conference, setting the following deadlines: October 1, 2015, for any amendments to the pleadings by the Schrams; November 1, 2015, for any amendments to the pleadings by Fidelity Title; and May 2, 2016, for the completion of all discovery. (DE 12; DE 13). On September 28, 2015, Fidelity Title filed a motion to dismiss the Schrams' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that the Schrams had sued the wrong entity, and thus, had failed to state a claim against Fidelity Title. (DE 19). Additionally, Fidelity Title filed a motion to stay discovery pending the Court's ruling on the motion to dismiss. (DE 21).

On September 30, 2015, the Schrams filed a motion for an extension of time within which to amend their complaint, which was unopposed. (DE 22). The Court granted the motion, extending the Schrams' deadline for any amendments to the pleadings to November 2, 2015. (DE 26). On October 16, 2015, the Schrams filed the instant motion to amend their complaint to name "Fidelity National Title Insurance Company, successor by merger to Lawyers Title

Insurance Corporation" as an additional defendant. (DE 28).

## B. Standard of Review

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration in original) (citation omitted). The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S 178, 182 (1962). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys*, 520 F.3d at 743 (citation omitted); *see Foman*, 371 U.S. at 182.

## C. Discussion

The Schrams, in response to Fidelity Title's motion to dismiss, seek to amend their complaint to add a second Fidelity defendant. Fidelity Title opposes the motion, arguing that the amendment will prejudice Fidelity Title and cause it duplicative effort by ignoring its motion to dismiss and causing it to continue to defend this lawsuit.

The Schrams' deadline for joining additional parties and amending the complaint was November 2, 2015, and thus, they timely filed the motion to amend. Rule 15(a)(2) instructs the Court to "freely give leave when justice so requires." Justice is certainly furthered by allowing a plaintiff to amend its complaint in an effort to identify the proper defendant, particularly where the motion to amend is timely and the lawsuit is still in its early stages. Furthermore, adding Fidelity National Title Insurance Company, a California corporation with its principal place of business in California, as a defendant will not destroy diversity jurisdiction. (DE 28-1 ¶ 3).

Fidelity Title's arguments in opposition to the motion are unpersuasive. It first asserts that an amended complaint will cause it undue prejudice and duplicative effort because it could render Fidelity Title's motion to dismiss moot. But "it is not out of the ordinary for a plaintiff to file an amended complaint while a motion to dismiss is pending." *Henan Mach. & Elec. Imp. & Exp. Co., Ltd. v. WDF Int'l Trading Co., LLC*, No. 06-C-715-C, 2007 WL 5287927, at *2 (W.D. Wis. Mar. 12, 2007). "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (citation omitted). "Generally, the filing of an amended complaint renders moot any pending motion to dismiss." *Taurus IP, LLP v. Toyota Motor N. Am., Inc.*, No. 07-C-158-C, 2007 WL 5490670, at *1 (W.D. Wis. July 25, 2007) (collecting cases); *see also Aqua Fin., Inc. v. Harvest King, Inc.*, No. 07-C-015-C, 2007 WL 5404939, at *1 (W.D. Wis. Mar. 12, 2007) (citations omitted). Thus, Fidelity Title's assertion that an amended complaint will cause it undue prejudice and duplicative effort because it could render Fidelity Title's motion to dismiss moot is not grounds to deny the Schrams leave to amend.

Next, Fidelity Title disputes the Schrams' assertion that the amended complaint "relates back" to the date of the original complaint—April 14, 2015—under Rule 15(c)(1). Neither party, however, discusses the applicable statute of limitations or the date it accrued; nor does Fidelity Title argue that the amended complaint is futile. Consequently, on this record, it is not obvious how the "relates back" argument matters, as the Schrams' insurance claim was denied in December 2012 (DE 28-1 ¶ 15), and the Schrams filed their original complaint on April 14, 2015 (DE 3), and the motion to amend on October 16, 2015 (DE 28). The Schrams opted not to file a

4

reply brief to Fidelity Title's arguments, suggesting that their assertion that the amended complaint "relates back" is not material. As such, the Court will save the "relates back" issue, if necessary, for another day.

Therefore, considering that the Schrams' motion to amend was timely filed, that Fidelity Title's arguments in opposition to the motion are unpersuasive, and that the Court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court will GRANT the Schrams' motion to amend their complaint.

As explained above, generally the filing of an amended complaint renders a pending motion to dismiss moot. *See Taurus IP, LLP*, 2007 WL 5490670, at *1. Here, however, the defects that Fidelity Title complains of in its motion to dismiss—that it is not formerly known as Lawyers Title Insurance Corporation and is not the proper defendant—persist in the amended complaint. As such, the Court declines to deem the motion to dismiss moot. *See Davis v. Genova Prods., Inc.*, No. 4:07CV40, 2008 WL 150673, at *1 (N.D. Ind. Jan. 11, 2008) ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed in the amended pleading." (citation omitted)).

However, the Schrams attached documents outside the pleadings to their response to the motion to dismiss and assert that a limited amount of discovery is necessary to confirm the proper defendant. Rule 12(d) requires the Court to convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented and not excluded by the Court." "When extraneous materials are presented, it is

within the Court's discretion to either exclude the materials and handle the case as a straightforward motion to dismiss, or to consider the material and convert to summary judgment." *Browning v. Flexsteel Indus., Inc.*, 959 F. Supp. 2d 1134, 1143 (N.D. Ind. 2013) (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). "[I]f the Court chooses the latter path, all parties must have 'a reasonable opportunity to present all the material that is pertinent to the motion[.]'" *Id*. (quoting Fed. R. Civ. P. 12(d)).

To address this matter, the Court will set a hearing to discuss converting the motion to dismiss to a motion for summary judgment and any discovery related thereto. *See* Fed. R. Civ. P. 56(d). As such, the Court will keep Fidelity Title's motion to dismiss, together with the motion to stay discovery pending a ruling on the motion to dismiss, under advisement.

### D. Conclusion

For the foregoing reasons, the Schrams' Motion for Leave to File Amended Complaint (DE 28) is GRANTED. The Clerk is DIRECTED to show the Amended Complaint (DE 28-1) filed. Fidelity Title's Motion to Dismiss Complaint (DE 18) and Motion to Stay Discovery Pending Ruling on Motion to Dismiss Complaint (DE 21) remain UNDER ADVISEMENT. The Court sets this matter for a telephonic hearing on January 6, 2016, at 9:30 a.m. to address converting the motion to dismiss (DE 18) to a motion for summary judgment and any discovery related thereto.

SO ORDERED.

Enter for this 14th day of December 2015.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge