# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BETH C. SCHRAM, *et al.*, )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>FIDELITY NATIONAL TITLE COMPANY )<br>LLC, *formerly known as* Lawyers Title )<br>Insurance Corporation, *et al.*, )<br>)<br>    Defendants. ) | CAUSE NO. 1:15-cv-00131-SLC |

## OPINION AND ORDER

Plaintiffs Beth C. Schram and P.T. Schram (together, "the Schrams") initially filed this suit against Defendant "Fidelity National Title Company, LLC f/k/a Lawyers Title Insurance Corporation" ("Fidelity LLC"), seeking a declaratory judgment with regard to the construction and validity of a title insurance policy issued to the Schrams by Lawyers Title Insurance Corporation ("Lawyers Title").[1] (DE 3). When Fidelity LLC asserted that it was not a proper party to this litigation, the Schrams amended their complaint to name an additional Defendant, "Fidelity National Title Insurance Company, successor by merger to Lawyers Title Insurance Corporation" ("FNTIC"). (DE 38).

Now before the Court is Fidelity LLC's fully-briefed motion for summary judgment (DE 18), seeking judgment as a matter of law for the reason that it is not the successor in interest to Lawyers Title, and thus, it is not in privity of contract with the Schrams. (DE 19; DE 24; DE 27; DE 29; DE 49; DE 50; DE 51). Because the Schrams concede in their briefing that FNTIC, not Fidelity LLC, is the proper party to this litigation, Fidelity LLC's motion for summary judgment

---

[1] Diversity jurisdiction exists under 28 U.S.C. § 1332(a). Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (DE 16; DE 48).

will be GRANTED.

## A. Factual and Procedural Background[2]

On or about May 2, 2007, the Schrams obtained a policy of title insurance, No. 700702177 (the "Policy"), from Lawyers Title insuring certain real property owned by the Schrams in Churubusco, Indiana. (DE 38 ¶ 7; DE 38-1). The Policy was obtained to insure against any issues with the Schrams' title to the real property. (DE 38 ¶ 8).

On November 7, 2012, non-party Donald W. Dafforn filed a complaint against the Schrams in Whitley Circuit Court, Cause No. 92C01-1211-PL-000661, alleging legal access over the real property by way of an easement. (DE 38 ¶ 9; DE 38-2; DE 38-3). On December 9, 2012, after receiving the Schrams' notification of Dafforn's suit and their claim under the Policy, FNTIC sent the Schrams a letter denying their claim under the Policy. (DE 38 ¶¶ 14, 15; DE 38-4).

On April 14, 2015, the Schrams filed a complaint for declaratory judgment against Fidelity LLC in Allen Circuit Court, alleging that Fidelity LLC is the successor in interest to Lawyers Title, and that as such, Fidelity LLC is liable for their claims of breach of contract, breach of a duty to defend under the contract, and breach of a duty of good faith and fair dealing. (DE 4). Fidelity LLC subsequently removed the case here based on diversity jurisdiction under 28 U.S.C. § 1332(a). (DE 1; DE 5; DE 6; DE 7). The Court conducted a preliminary pretrial conference on August 5, 2015, setting a discovery deadline of May 2, 2016. (DE 13).

On September 28, 2015, Fidelity LLC filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that it is not the successor in interest to Lawyers Title and

---

[2] For summary judgment purposes, the facts are recited in the light most favorable to the Schrams, the nonmoving parties. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

that it is not in privity with the Schrams. (DE 18; DE 19). Fidelity LLC also sought a stay of discovery pending a ruling on the motion to dismiss. (DE 21). The Schrams filed a response to the motion to dismiss on October 12, 2015, and attached documents outside of the pleadings. (DE 27). The Schrams also filed a motion to amend their complaint, seeking leave to name FNTIC as an additional Defendant. (DE 28). On October 29, 2015, Fidelity LLC filed a reply brief to the motion to dismiss and a response brief to the motion to amend. (DE 29; DE 30). On December 14, 2015, the Court granted the Schrams' motion to amend, and FNTIC was named as an additional Defendant in this action. (DE 31; DE 32; DE 38; DE 39).

At a conference on January 12, 2016, the Court converted Fidelity LLC's motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). (DE 39). The Court granted in part Fidelity LLC's motion to stay discovery; that is, the Court stayed general discovery but afforded the Schrams through March 14, 2016, to conduct discovery on the limited issue of ascertaining the proper defendant. (DE 39). On February 11, 2016, FNTIC filed its answer to the Schrams' amended complaint, admitting that it is the successor by merger to Lawyers Title. (DE 44 ¶ 3).

At a conference on March 16, 2016, the parties acknowledged that the limited discovery with respect to ascertaining the proper defendant was complete. (DE 46). The Court afforded the Schrams through April 15, 2016, to file a response to the motion for summary judgment, together with supporting materials, and afforded Fidelity LLC through April 29, 2016, to file a reply; those documents are now filed. (DE 49 to DE 51).

### B. Standard of Review

Summary judgment may be granted only if there are no disputed genuine issues of material fact. *Payne*, 337 F.3d at 770. When ruling on a motion for summary judgment, a court

3

"may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Id.* (citations omitted). The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted). If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770. A court must construe the record in the light most favorable to the nonmoving party and avoid "the temptation to decide which party's version of the facts is more likely true[,]" as "summary judgment cannot be used to resolve swearing contests between litigants." *Id.* (citations omitted). However, "a party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Id.* at 771 (citation omitted).

## *C. Discussion*

"The necessary prerequisite to any breach of contract claim is the presence of a contractual obligation."[3] *Paniaguas v. Endor, Inc.*, 847 N.E.2d 967, 973 (Ind. Ct. App. 2006). Here, the Policy giving rise to this breach of contract action was issued to the Schrams by Lawyers Title. Fidelity LLC emphasizes that, contrary to the Schrams' initial allegations, Fidelity LLC is not the successor in interest to Lawyers Title, and thus, no contractual relationship exists between the Schrams and Fidelity LLC. Fidelity LLC further points out that FNTIC admitted in its answer and in its responses to the Schrams' request for admissions that FNTIC is the successor by merger to Lawyers Title. (DE 44 at 2; DE 50-2 at 3-5; DE 50-3 at 2,

---

[3] Fidelity LLC asserts, and the Schrams do not dispute, that Indiana substantive law applies to the claims in this diversity action. (DE 51 at 5).

4

4).

In response, the Schrams acknowledge that FNTIC's answer and discovery responses confirm that FNTIC, not Fidelity LLC, is the successor by merger to Lawyers Title. (DE 49 at 3). In fact, the Schrams produced the Order Approving Merger issued by the Nebraska Department of Insurance that approved the merger of Lawyers Title with and into FNTIC. (DE 50-1). In light of this evidence, the Schrams now concede that the proper Defendant to their claims in this suit is FNTIC, *not* Fidelity LLC. (DE 49 at 3).

Therefore, because the Schrams have conceded that Fidelity LLC is not the successor by merger to Lawyers Title, and thus, that Fidelity LLC is not in privity with the Schrams regarding the Policy at issue in this breach of contract dispute, there are no genuine issues of material fact precluding judgment as a matter of law in favor of Fidelity LLC. Accordingly, Fidelity LLC's motion for summary will be GRANTED.

### *D. Conclusion*

For the foregoing reasons, the motion for summary judgment (DE 18) filed by "Fidelity National Title Company, LLC f/k/a Lawyers Title Insurance Corporation" is GRANTED, and all of the Schrams' claims against "Fidelity National Title Company, LLC f/k/a Lawyers Title Insurance Corporation" are DISMISSED. Defendant "Fidelity National Title Insurance Company, successor by merger to Lawyers Title Insurance Corporation" remains as the sole Defendant in this action.

SO ORDERED.

Entered for this 10th day of May 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge